PATRICK H. QUINN, *Ex. vs.* JENNIE McDOWELL.

APRIL 16, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1) *Wills. Real Estate Charged with Payment of Legacies.*

Testatrix after making pecuniary bequests provided, "All of the foregoing bequests are made upon the assumption that my estate will be sufficient to pay them after paying the expenses of my last illness, funeral and administration charges. But should my estate not be so sufficient, then, I direct that my executor prorate the deficiency equally between the beneficiaries by reducing their legacies accordingly." The residue was left to X. The personal estate was not sufficient to pay expenses of administration, debts and pecuniary legacies. Testatrix left real estate of a value in excess of amount required to supply the deficiency.

*Held,* that the residue in the absence of language showing a contrary intention, means the estate remaining after satisfying all previous gifts, and as the real estate was not specifically mentioned either in the residuary clause or elsewhere in the will, it could not be claimed that it was specifically devised, and it was therefore charged with the payment of the pecuniary legacies.

(2) *Wills. Real Estate Outside of Forum.*

Where the court finds that testatrix charged her real estate with payment of pecuniary legacies, but such real estate is situate out of this State, the court cannot direct executor to make a sale, but executor must take appropriate action in the foreign State.

BILL IN EQUITY for construction of will. Certified under G. L. 1923, par. 4968.

RATHBUN, J. This is a bill in equity praying for the construction of the will of Bessie T. Mercer, late of the town of Warwick, Rhode Island, deceased, and for advice to the executor. The case which was commenced in the Superior Court was, when ready for hearing for final decree, certified to this court as required by § 4968, G. L. 1923. The testa-

trix, while a resident of said town of Warwick, deceased April 19, 1923, leaving a last will and testament which was duly admitted to probate by the probate court of said town. The complainant is the duly qualified executor of said will. The will contains several pecuniary bequests and a residuary clause giving the residue to respondent Jennie McDowell of the state of Illinois. The residuary clause is as follows: "I give, devise and bequeath all the rest, residue and remainder of my estate of every name and nature and wheresoever situated, including all that I may hereafter acquire and die seized and possessed of, to the said Jennie McDowell, of Chicago, Illinois, to her, her heirs and assigns forever."

The bill was taken *pro confesso* as to all respondents but after the cause was commenced respondent Archibald Thornton was adjudged to be a person of unsound mind and the guardian of his person and estate entered an appearance in this court and joined in the prayer of the bill.

The testatrix did not leave personal estate sufficient to pay expenses of administration, debts and the pecuniary legacies. She did, however, leave a parcel of real estate, situated in the city of Chicago, of a value in excess of the amount required to supply the deficiency in the personal estate.

Complainant prays that he may be instructed whether the pecuniary legacies should abate *pro rata* or whether he should proceed to sell said real estate and use the proceeds, so far as they may be required, to supply the amount lacking in the personal estate for the payment of expenses of administration, debts and pecuniary legacies.

In determining questions of this nature effect should, of course, always be given to the intention of the testator as expressed in the will, unless to do so would violate some positive rule of law.

The eleventh clause of the will is as follows: "All of the foregoing bequests are made upon the assumption that my estate will be sufficient to pay them after paying the ex-

penses of my last illness, funeral and administration charges. But should my estate not be so sufficient, then, and in that event, I direct that my executor prorate the deficiency equally between the beneficiaries herein above mentioned by reducing their legacies accordingly."

It should be noted, that the testatrix used the words "my estate" and not the words "my personal estate". The words "my estate", unless restricted mean the same as "my estate both real and personal". The will was executed November 16, 1918, and on December 16, 1922, a short time before her decease, when she must have known that her personal estate was insufficient to pay the pecuniary legacies she executed a codicil by which she made another pecuniary bequest of $500. However, regardless of these considerations the testatrix has unmistakably expressed her intention to charge her real estate with the payment of the pecuniary legacies. The words "rest and residue", in the absence of language showing a contrary intention, mean the estate remaining after satisfying all previous gifts. *Gould* v. *Winthrop*, 5 R. I. 319; *Lapham* v. *Clapp*, 10 R. I. 543; *Potter* v. *Brown*, 11 R. I. 232; 40 Cyc. 1570. The real estate is not specifically mentioned either in the residuary clause or elsewhere in the will and it can not be contended that said real estate was specifically devised and therefore exempt from charge for the payment of pecuniary legacies as in the case of *Petition of Jamieson*, 18 R. I. 385, where it was held that the real estate was exempt although devised in connection with the residuary clause. In the latter case the language was: "all my real estate together with the rest and residue of my personal property of every kind and nature" and the court held that the real estate was specifically devised.

Our decision is that it was the intention of the testatrix that the pecuniary legacies should not be abated but made a charge upon her real estate. It is the duty of the executor to carry out, if reasonably possible, that intention, but as we have no jurisdiction over said real estate, situated in the

state of Illinois, we cannot direct him to make a sale.   See *Clarke* v. *Clarke*, 178 U. S. 186.   If the residuary legatee is unwilling to contribute the amount necessary to supply the deficiency, proceedings should be instituted in Illinois in conformity with the laws of that state, and the complainant is advised accordingly.

Counsel may submit a form of decree in accordance with this opinion.

*Quinn, Kernan & Quinn,* for complainant.